ROBERT W. LAING v. STEAMBOAT FOREST QUEEN.[1]

November 3, 1897.

Nos. 10,795—(88).

Maritime Lien—Transporting Steamer—G. S. 1894, c. 83.

The plaintiff, at the instance and request of the master of a steamer used in navigating the waters of Lake Minnetonka, furnished material and performed services for the use and benefit and on account of the vessel in removing it from the waters of the lake, where it was sunk, and transporting it by land from the lake to the Minnesota river. *Held*, that the vessel was liable under the provisions of chapter 83 of the General Statutes.

Same.

The provisions of chapter 83 are not limited to cases where the material or supplies furnished or services performed were of such a character, and were furnished or performed under such circumstances, as would entitle the party to a lien on the vessel under the general maritime law, where that law applies.

Action against the steamer Forest Queen for $250, and for the sale of the vessel to satisfy the judgment. Estelle P. Close filed an intervening answer, alleging that she was the owner of the vessel, and praying that it be released from custody. From a judgment for plaintiff entered pursuant to findings by Jamison, J., the intervening defendant appealed. Affirmed.

*Bardwell & Weeks,* for appellant.

The services which respondent performed for the vessel do not fall within the purview of G. S. 1894, c. 83. The evident intent of the legislature in the enactment of chapter 83, regulating actions against boats and vessels and giving a remedy for debts contracted, for work done and supplies furnished, is that the act should be applicable only to boats and vessels in actual use navigating the waters of our state. The Menominie, 36 Fed. 202; Knisely v. Parker, 34 Ill. 481; The D. S. Newcomb, 12 Fed. 735; Wight v. Maxwell, 4 Mich. 45. The maritime lien does not attach on a contract to be performed on land. Desty, Ship. § 74; Phillips v. Scattergood, Gilp.

[1] Reported in 72 N. W. 809.

1, 6; Griswold v. Steamboat, 12 Minn. 364 (465); Stapp v. Steamboat, 43 Minn. 192.

*R. L. Stillman,* for respondent.

The cases cited by appellant, which were decided under statutes different from ours, only go to prove that when our legislature enacted a statute similar to those under which those decisions were made, but inserted therein a provision not contained in the other statutes, namely, "or for the benefit of such boat or vessel," it intended to cover, not only such cases as were covered by such other statutes, but all services which were "for the benefit of such boat or vessel," and which were not covered by such other statutes.

MITCHELL, J.

G. S. 1894, § 6085, provides that—

"Every boat or vessel used in navigating the waters of this state is liable—First, for all debts contracted by the master, owner, agent or consignee thereof, on account of supplies furnished for the use of such boat or vessel, on account of work done or services rendered on board, or for the benefit of such boat or vessel, or on account of labor done or materials furnished by mechanics, tradesmen or others in and for building, repairing, fitting out, furnishing or equipping the same."

Then follow three other subdivisions, enumerating other charges for which the vessel is also liable.

The trial court found that the steamer Forest Queen was used in navigating the waters of this state, to wit, the waters of Lake Minnetonka, and that the plaintiff, at the special instance and request of one Moor, who was the master and captain of the vessel, and had the exclusive control of it, furnished machinery and tackle, teams and help, and performed work and services, for the use and benefit and on account of said vessel, in removing it from the waters of Lake Minnetonka, where it was sunk, and in assisting in placing it upon a wagon or cradle and carrying it from Lake Minnetonka to the Minnesota river.

The only question is whether the services and material thus performed and furnished by the plaintiff are within the purview of the statute. The contention of the intervenor and appellant seems to be that the statute makes a vessel liable only where the material or

supplies furnished, or the labor and services performed, were of such a character, and were furnished or performed under such circumstances, as would entitle the party to a lien on the vessel under the general maritime law, where that law applies. The language of counsel is that "the services must be rendered on board of the vessel, or for its benefit, while it is afloat." There is nothing in the language of the statute thus limiting its application, and we find nothing in its provisions which implies any such limitation. So far from its appearing that the legislature had in mind the law of maritime liens under the general rules of admiralty, or that they intended to limit the operation of the statute to similar cases, we find that they have expressly extended it to cases where there would be no lien under the general maritime law. For example, the statute makes the vessel liable for labor done or materials furnished in and for the building of it, whereas, under the maritime law of the United States, there is no lien for work done and materials furnished towards the original construction of the vessel. The services rendered by the plaintiff certainly come within the literal terms of the statute, and there is nothing in its provisions by which such services can be excluded from its operation by implication.

Judgment affirmed.